Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>RAFAEL HERNÁNDEZ LÓPEZ<br><br>Recurrido | TA2025CE00378 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm. CA2025CV00807<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero, Reposesión |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de octubre de 2025.

El **29 de agosto de 2025**, FirstBank Puerto Rico ("FirstBank o peticionario"), presentó una petición de *certiorari* para que revoquemos la *Resolución Interlocutoria* dictada el 6 de agosto de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"). En esta, se declaró *No Ha Lugar* la solicitud de reconsideración que iba dirigida a que el TPI dejara sin efecto un referido a mediación de conflicto entre FirstBank y el Sr. Rafael Hernández López ("señor Hernández López o recurrido"), so pena de desacato.

También, solicitó la revisión de la *Orden* dictada el 27 de agosto de 2025 por el TPI,[2] la cual declaró *No Ha Lugar* la solicitud de anotación de rebeldía al recurrido, dado que el caso se encontraba referido a mediación.

---

[1] Notificada el 8 de agosto de 2025. Adjunto, FirstBank presentó una moción en auxilio de jurisdicción para la paralización de los procesos, la cual declaramos *No ha lugar*, el 2 de septiembre de 2025.
[2] Notificada el mismo día.

Examinada la totalidad del expediente, **denegamos** la presente petición de *certiorari*. Veamos.

**-I-**

El **14 de marzo de 2025**, FirstBank instó una demanda por incumplimiento de contrato, cobro de dinero y reposesión en contra del señor Hernández López.[3] Adujo que el recurrido suscribió un *Contrato de Arrendamiento Abierto* ("Contrato") el **22 de julio de 2023**, mediante el cual arrendó y financió un vehículo marca *Ford*, modelo *Bronco Sport* del año 2022;[4] sin embargo, dejó de pagar el préstamo concedido e incumplió con las cláusulas y condiciones del Contrato. Por lo cual, se le requirió —sin éxito— el pago de la suma adeudada, así como la entrega de la unidad.[5] Añadió que, al **5 de marzo de 2025**, el balance de cancelación era de **$44,110.54**, más los intereses que se acumulan a razón del 6.95%, los cuales continuaban acumulándose hasta el total y completo pago de la deuda. Además, se le sumaba la cantidad de **$433.53** por cargos de pagos tardíos, los cuales seguían acumulándose hasta el total y completo pago de la deuda. Por último, se añadía la cantidad de **$615.00** de otros cargos, más una suma equivalente al 30% del total adeudado para honorarios de abogados según pactado.[6] En consecuencia, FirstBank le solicitó que se declarara con lugar la demanda y se ordenara el pago de las sumas adeudadas.

---

[3] Entrada Núm. 1 en el caso *CA2025CV00807* en SUMAC.

[4] Surge de la *Demanda* que el Contrato fue a favor de FirstBank por la suma principal de $55,489.23, con una tasa de porcentaje anual (APR) de 6.95%. Véase, Anejo A *"Contrato de Leasing"* de la *Demanda* en la Entrada Núm. 1 en el caso *CA2025CV00807* en SUMAC.

[5] Anejo B Carta de Cobro de la *Demanda* en la Entrada Núm. 1 en el caso *CA2025CV00807* en SUMAC.

[6] Anejo C de la *Demanda* en la Entrada Núm. 1 en el caso *CA2025CV00807* en SUMAC.

El **28 de marzo de 2025**,[7] el señor Hernández López fue emplazado, pero el **25 de abril de 2025** presentó —por derecho propio— una moción informativa solicitando una prórroga.[8]

Ese mismo día —**25 de abril de 2025**— el TPI le concedió al recurrido hasta el 28 de mayo de 2025 para contestar la demanda.[9]

No obstante, el **22 de mayo de 2025**, el señor Hernández López solicitó —por derecho propio— una nueva prórroga. Adujo que, a pesar de las gestiones realizadas en los distintos servicios legales, no contaba con representación legal.[10]

Mediante *Orden* emitida el **23 de mayo de 2025**,[11] el TPI le concedió al recurrido hasta el 27 de junio de 2025 para contestar la demanda.[12]

El **26 de junio de 2025**, el señor Hernández López presentó —por derecho propio— una tercera moción informativa en la que indicó que todavía no contaba con abogado.[13]

Ese mismo día —**26 de junio de 2025** —,[14] el TPI le concedió treinta (30) días adicionales para que contratare representación legal y contestara la demanda.[15]

El **17 de julio de 2025**, el señor Hernández López presentó una cuarta solicitud de prórroga por derecho propio.[16]

Ese mismo día —**17 de julio de 2025**— el TPI le concedió al recurrido hasta el 22 de agosto de 2025 para anunciar su representante legal y contestar la demanda.[17]

---

[7] FirstBank presentó *MOCION SOMETIENDO EMPLAZAMIENTO DILIGENCIADO* el **10 de abril de 2025**. Véase, Entrada Núm. 3 en el caso *CA2025CV00807* en SUMAC.

[8] Entrada Núm. 5 en el caso *CA2025CV00807* en SUMAC.

[9] Notificada el 25 de abril de 2025; Entrada Núm. 6 en el caso *CA2025CV00807* en SUMAC.

[10] Entrada Núm. 7 en el caso *CA2025CV00807* en SUMAC.

[11] Notificada el 28 de mayo de 2025.

[12] Entrada Núm. 8 en el caso *CA2025CV00807* en SUMAC.

[13] Entrada Núm. 9 en el caso *CA2025CV00807* en SUMAC.

[14] Notificada el mismo día, entiéndase el 26 de junio de 2025.

[15] Entrada Núm. 10 en el caso *CA2025CV00807* en SUMAC.

[16] Entrada Núm. 11 en el caso *CA2025CV00807* en SUMAC.

[17] *Orden* emitida por el TPI el 17 de julio de 2025 notificada el 18 de julio de 2025.

Entretanto, el **4 de agosto de 2025**, el TPI refirió el asunto a mediación.[18] La *Orden* emitida citó a las partes al Centro de Mediación de Conflictos, ubicado en el Primer Piso del Centro Judicial de Carolina, el día **3 de septiembre de 2025**, a la 1:15 p.m., con la mediadora Sonia del Santana Marti.

Inconforme, el **6 de agosto de 2025**, la representación legal de FirstBank presentó una *SOLICITUD PARA QUE SE DEJE SIN EFECTO REFERIDO A MEDIACIÓN*.[19] En resumen, planteó que el caso no era mediable, ya que el señor Hernández López desconocía el paradero de la unidad arrendada; por lo cual, la política de la institución no le permitía llegar a ningún tipo de acuerdo con el deudor. Arguyó que la única alternativa en esos casos era que el recurrido realizara el pago total de lo adeudado.

Mediante *Resolución Interlocutoria* emitida el **6 de agosto de 2025**,[20] el TPI declaró *No Ha Lugar* la solicitud de FirstBank.[21]

Así, el **27 de agosto de 2025**, FirstBank solicitó la anotación de rebeldía del señor Hernández López, tras haber transcurrido el término concedido en la cuarta solicitud de prórroga.[22] Sin embargo, el **27 de agosto de 2025**, la misma fue declarada *No Ha Lugar*.[23] En específico, el TPI expresó: *"No ha lugar en este momento, este pleito se encuentra referido a mediación"*.[24]

El **29 de agosto de 2025**, FirstBank recurrió ante nos Foro Apelativo. Mediante la presente *Petición de Certiorari* nos señaló la comisión de dos (2) errores:

> Cometió grave error y abusó de su discreción el Tribunal de Primera Instancia al negarse a anotar la rebeldía al Recurrido, luego de haberle concedido cuatro prorrogas, tres

---

[18] Orden emitida el 4 de agosto de 2025 y notificada el 6 de agosto de 2025. Entrada Núm. 13 en el caso *CA2025CV00807* en SUMAC.
[19] Entrada Núm. 14 en el caso *CA2025CV00807* en SUMAC.
[20] Notificada el 8 de agosto de 2025.
[21] Entrada Núm. 15 en el caso *CA2025CV00807* en SUMAC.
[22] Entrada Núm. 16 en el caso *CA2025CV00807* en SUMAC.
[23] *Orden* dictada y notificada el 27 de agosto de 2025. Véase, Entrada Núm. 17 en el caso *CA2025CV00807* en SUMAC.
[24] Entrada Núm. 17 en el caso *CA2025CV00807* en SUMAC.

de ellas injustificadas e inmeritorias, sin que la parte cumpliera.

Cometió grave error y abusó de su discreción el Tribunal de Primera Instancia al negarse a dejar sin efecto el referido a "Mediación Compulsoria", bajo apercibimiento de desacato, cuando en el presente caso es de carácter voluntario y la parte peticionaria se opuso al mismo por no ser un caso mediable.

En la **misma fecha**, FirstBank presentó una *MOCIÓN EN SOLICITUD DE AUXILIO DE JURISDICCIÓN*, en la cual solicitó que se detuviera la vista pautada en el Centro de Mediación de Conflictos señalada para el 3 de septiembre de 2025, a la 1:15p.m., y se abstuviera de celebrar la misma hasta tanto se atendiera el recurso de *certiorari*.

Atendida la *Moción en solicitud de auxilio de jurisdicción*, el **2 de septiembre de 2025**, emitimos una *Resolución* en la que declaramos *No Ha Lugar* el auxilio.[25] Además, se le concedió al recurrido un término de diez (10) días para que mostrara causa por la cual no debíamos expedir el auto de *certiorari*.

Inconforme con la resolución, ese mismo día —**2 de septiembre de 2025**— FirstBank sometió una *URGENTE SOLICITUD DE RECONSIDERACIÓN*.[26] Entre otras cosas, adujo que de mantenerse la denegatoria del auxilio, el recurso radicado se tornaría académico. Así, en la misma fecha procedimos a denegarla.[27]

El **23 de septiembre de 2025**, dimos por perfeccionado el recurso sin el beneficio de la comparecencia del recurrido.[28]

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía

---

[25] Notificada el mismo día. Véase, Entrada Núm. 3 en el caso *TA2025CE00378* en SUMACTA.

[26] La moción urgente fue radicada el 2 de septiembre de 2025. Véase, Entrada Núm. 4 en el caso *TA2025CE00378* en SUMACTA.

[27] Notificada el 3 de septiembre de 2025. Véase, Entrada Núm. 5 en el caso *TA2025CE00378* en SUMACTA.

[28] Notificada el mismo día. Véase, Entrada Núm. 6 en el caso *TA2025CE00378* en SUMACTA.

revisar las determinaciones de un tribunal inferior.[29] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[30]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, <u>solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo</u>. No obstante, y <u>por excepción</u> a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, <u>anotaciones de rebeldía</u>, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. <u>Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión</u>.*
>
> [...].[31]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[32]

---

[29] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[30] *García v. Asociación*, 165 DPR 311, 321 (2005).
[31] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. Énfasis nuestro.
[32] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[33]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[34]

**-III-**

En síntesis, FirstBank nos plantea que el TPI erró al no anotar la rebeldía al recurrido, esto luego de haberle concedido cuatro (4) prórrogas sin que este cumpliera con lo ordenado. Incidió además, al no dejar sin efecto el referido a mediación, cuando la misma es de carácter voluntario y el peticionario se opuso por entender que el caso no era mediable.

**En primer orden**, cabe señalar que, el planteamiento sobre el referido a mediación se tornó académico ante la participación de ambas partes en la intervención del Centro de Mediación de Conflictos. Surge de la *NOTIFICACIÓN AL TRIBUNAL SOBRE RESULTADOS DE REFERIDO* con fecha del **3 de septiembre de 2025**,[35] que ambas partes participaron y fueron orientadas del proceso de mediación. Además, la notificación señala que el caso fue concluido porque una o ambas partes no aceptaron participar de dicho proceso. Ante ello, resulta académico atender en sus méritos la *Resolución Interlocutoria* dictada el 6 de agosto de 2025.[36]

---

[33] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[34] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

[35] Véase, *MOCIÓN DE RESULTADO* y *NOTIFICACIÓN AL TRIBUNAL SOBRE RESULTADOS DE REFERIDO* en la Entrada Núm. 21 en el caso *CA2025CV00807* en SUMAC.

[36] Notificada el 8 de agosto de 2025.

**En segundo lugar**, en cuanto a la *Orden* declarando *No ha lugar* la anotación de rebeldía al recurrido, ya que en ese momento el proceso se encontraba referido a mediación. Entendemos que esta determinación es una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. Nótese que, si bien es cierto que el recurrido ha solicitado cuatro (4) prorrogas para contratar abogado y contestar la demanda, no es menos cierto que en este caso el señor Hernández López ha comunicado en todo momento su intención de contratar abogado y de contestar la demanda.

Por ende, no surge ninguna de las excepciones de la Regla 52.1 de Procedimiento Civil, *supra*, que nos faculte atender una determinación recurrida. Tampoco están presentes los criterios enumerados en la citada Regla 40 del Reglamento del Tribunal de Apelaciones, ni hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Por lo cual, no intervendremos con la *Orden* dictada y notificada el 27 de agosto de 2025.[37]

### -IV-

Por los fundamentos antes expuestos, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[37] Entrada Núm. 17 en el caso *CA2025CV00807* en SUMAC.